UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| IN RE: | ) | 3:09-CV-06 | 3:09-CV-09 |
| | ) | 3:09-CV-14 | 3:09-CV-48 |
| | ) | 3:09-CV-54 | 3:09-CV-64 |
| | ) | 3:09-CV-114 | 3:09-CV-491 |
| | ) | 3:09-CV-495 | 3:09-CV-496 |
| | ) | 3:09-CV-497 | 3:09-CV-504 |
| TENNESSEE VALLEY AUTHORITY | ) | 3:09-CV-511 | 3:09-CV-517 |
| ASH SPILL CASES | ) | 3:09-CV-528 | 3:09-CV-529 |
| | ) | 3:09-CV-534 | 3:09-CV-550 |
| | ) | 3:09-CV-551 | 3:09-CV-552 |
| | ) | 3:09-CV-553 | 3:09-CV-554 |
| | ) | 3:09-CV-555 | 3:09-CV-563 |
| | ) | 3:09-CV-564 | 3:09-CV-565 |
| | ) | 3:09-CV-566 | 3:09-CV-568 |
| | ) | 3:09-CV-569 | 3:09-CV-570 |
| | ) | 3:09-CV-571 | 3:09-CV-572 |
| | ) | 3:09-CV-576 | 3:09-CV-577 |
| | ) | 3:09-CV-578 | 3:09-CV-579 |
| | ) | 3:09-CV-580 | 3:09-CV-581 |
| | ) | 3:09-CV-582 | 3:09-CV-583 |
| | ) | 3:09-CV-584 | 3:09-CV-589 |
| | ) | 3:09-CV-590 | 3:09-CV-591 |
| | ) | 3:09-CV-592 | 3:09-CV-593 |
| | ) | 3:09-CV-594 | 3:09-CV-595 |
| | ) | 3:09-CV-596 | 3:09-CV-597 |
| | ) | 3:09-CV-598 | 3:09-CV-602 |
| | ) | 3:09-CV-603 | 3:09-CV-604 |
| | ) | 3:09-CV-605 | 3:10-CV-189 |
| | ) | 3:10-CV-190 | 3:10-CV-191 |
| | ) | | |
| | ) | (VARLAN/GUYTON) | |

**MEMORANDUM AND ORDER**

These related actions are before the Court pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by the referral of the Honorable Thomas A. Varlan, United States District Judge, for disposition of matters pertaining to discovery.

Pursuant to the Initial Case Management Order No. 1, see, e.g. Doc. 42 in Case No. 3:09-CV-06, and the Order on Discovery and Scheduling, see, e.g., Doc. 5 in Case No. 3:09-CV-491, which have been entered in the above cases, this matter came before the Court for a telephone conference to address the length of the deposition of Tom Kilgore, CEO of the Tennessee Valley Authority ("TVA"). Attorneys Jeff Friedman, Elizabeth Alexander, Robin Greenwald, Andrew Tucker, John Agee, James Scott, Paul Brandes, David Byrne, and Chris Cain were present representing Plaintiffs in the various cases captioned above. Attorneys Mark Anstoetter, Edwin Small, and James Chase were present representing TVA. Attorney Libretta Stennes was present representing WorleyParsons Corporation, and Ashley Lowe was present representing Geosyntec Consultants, Inc.[1]

Previously, the parties reached an impasse regarding whether Mr. Kilgore should be deposed. After conducting a hearing on the issue and reviewing the parties' various filings, the Court ruled on May 13, 2010, that Mr. Kilgore had unique personal knowledge of the facts in these cases and that he should be subjected to a deposition. [Doc. 80 at 4].

In the Order entered May 13, 2010, the Court addressed the length of Mr. Kilgore's deposition, but, based upon the parties' representations that a compromise was possible, the Court left determining the length of the deposition to the parties. The Court explained:

> [U]nder Rule 30 of the Federal Rules of Civil Procedure a deposition is limited to one day of seven hours absent a stipulation of the parties or a court order modifying this limitation. The Plaintiffs seek leave of the Court to depose Mr. Kilgore for three days. TVA opposes this request for time beyond the time allotted by Rule 30. Despite the parties' positions, the parties indicated at the hearing that they could compromise and agree on a deposition length.

---

[1] Geosyntec Consultants, Inc., and WorleyParsons Corporation are defendants in Long v. TVA, et al., Case No. 3:09-CV-114.

> The Court finds that a compromise amongst the parties would be the most appropriate and equitable resolution to this issue. The parties are in the best position to evaluate the information that has been gathered from the previous depositions, to consider the narrowing effect of the Court's grant of partial summary judgment, and to then determine the appropriate length for Mr. Kilgore's deposition. Accordingly, the parties shall confer in good faith regarding the length of Mr. Kilgore's deposition.

[Case No. 3:09-CV-06, Doc. 80 at 7].

Despite the general spirit of cooperation that has prevailed in these cases, the parties could not resolve the issue of length, and counsel contacted the Court seeking a telephone conference on the matter. Prior to the conference the parties were given an opportunity to submit written statements regarding their positions on the issue for the Court's review. At the telephone conference, Attorney Friedman and Attorney Ansteotter presented the general positions of their respective sides, though every attorney was afforded an opportunity to state any concerns or divergence of position.

In pertinent part, the parties represented to the Court that counsel do not have any conflicts that would prevent the deposition from being taken on August 31, 2010,[2] the date proposed by TVA. TVA represented that it would make available a room large enough to accommodate all counsel interested in attending the deposition at its headquarters in Knoxville, Tennessee. The Plaintiffs had no objection to this location for the deposition other than capacity concerns, which the Court finds are alleviated by TVA's assurance.

---

[2]Though August 31, 2010, appeared to be a date to which there were no specific objections, Attorney Alexander noted that an earlier date for the deposition might be preferable. The Court left it to the parties to work out a date which is workable and does not entail undue delay.

The parties agreed that the Plaintiffs have taken nineteen (19) depositions of TVA employees, without issue. Attorney Friedman noted that some of these depositions have exceeded seven hours in length without dispute, but Attorney Anstoetter stated that there had been only "limited exceptions" to the one-day/seven-hour limit. The parties confirmed that the majority of the depositions taken had been videotaped and that Mr. Kilgore's deposition would be videotaped.

Attorney Anstoetter argued that Mr. Kilgore is an apex witness whose testimony will fill gaps and should not take more than a few hours. Attorney Friedman and other counsel for the Plaintiffs countered that given the number of attorneys who may participate in this deposition, the length and substance of the documents to be reviewed, and the variety of topics to be covered, a seven-hour limitation would be unduly restrictive.

As the Court stated in its previous Order, originally, TVA sought to limit the deposition to one day of seven hours, while the Plaintiff's sought three days composed of a total of twenty-one (21) hours in which to complete the deposition. At the time of the hearing, TVA proposed that the deposition be limited to seven (7) hours but that the Plaintiffs be given an opportunity to seek additional time after completing the first seven hours of examination. The Plaintiffs proposed that the Court limit the deposition to two days consisting of no more than fourteen hours of examination, in total.

Rule 30(d) of the Federal Rules of Civil Procedure provides that a deposition is limited to "1 day of 7 hours," unless otherwise stipulated or ordered by the court. In the case of Mr. Kilgore's deposition, there clearly will be no stipulation. Rule 30(d) also states: "The court <u>must</u> allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent" or if for some reason the examination is delayed. Fed. R. Civ. P. 30(d)(1) (emphasis added).

The Court finds that it cannot make a judgment as to whether more than "1 day of 7 hours" will be needed for a fair examination of Mr. Kilgore until Mr. Kilgore's deposition, or at least 1 day of seven hours of it, has been taken.  Therefore, the Court will not order an extended examination of Mr. Kilgore at this time.  However, Plaintiffs' counsel are not precluded from requesting additional examination time if, in good faith, it is needed to fairly complete the deposition.  Any such request, if made, shall be in the form of a written motion filed with the Court.

**IT IS SO ORDERED**.

ENTER:

    s/ H. Bruce Guyton    
United States Magistrate Judge