UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| IN RE: | ) | 3:09-CV-06 | 3:09-CV-09 |
| | ) | 3:09-CV-14 | 3:09-CV-48 |
| | ) | 3:09-CV-54 | 3:09-CV-64 |
| | ) | 3:09-CV-114 | 3:09-CV-491 |
| | ) | 3:09-CV-495 | 3:09-CV-496 |
| | ) | 3:09-CV-497 | 3:09-CV-504 |
| TENNESSEE VALLEY AUTHORITY | ) | 3:09-CV-511 | 3:09-CV-517 |
| ASH SPILL CASES | ) | 3:09-CV-528 | 3:09-CV-529 |
| | ) | 3:09-CV-534 | 3:09-CV-550 |
| | ) | 3:09-CV-551 | 3:09-CV-552 |
| | ) | 3:09-CV-553 | 3:09-CV-554 |
| | ) | 3:09-CV-555 | 3:09-CV-563 |
| | ) | 3:09-CV-564 | 3:09-CV-565 |
| | ) | 3:09-CV-566 | 3:09-CV-568 |
| | ) | 3:09-CV-569 | 3:09-CV-570 |
| | ) | 3:09-CV-571 | 3:09-CV-572 |
| | ) | 3:09-CV-576 | 3:09-CV-577 |
| | ) | 3:09-CV-578 | 3:09-CV-579 |
| | ) | 3:09-CV-580 | 3:09-CV-581 |
| | ) | 3:09-CV-582 | 3:09-CV-583 |
| | ) | 3:09-CV-584 | 3:09-CV-589 |
| | ) | 3:09-CV-590 | 3:09-CV-591 |
| | ) | 3:09-CV-592 | 3:09-CV-593 |
| | ) | 3:09-CV-594 | 3:09-CV-595 |
| | ) | 3:09-CV-596 | 3:09-CV-597 |
| | ) | 3:09-CV-598 | 3:09-CV-602 |
| | ) | 3:09-CV-603 | 3:09-CV-604 |
| | ) | 3:09-CV-605 | 3:10-CV-189 |
| | ) | 3:10-CV-190 | 3:10-CV-191 |
| | ) | | |
| | ) | (VARLAN/GUYTON) | |

**MEMORANDUM AND ORDER**

These related actions are before the Court pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by the referral of the Honorable Thomas A. Varlan, United States District Judge, for disposition of matters pertaining to discovery.

As the Court has stated in its previous orders, all of the above cases originate from the ash spill that took place at the Kingston Fossil Plant located in Roane County, Tennessee, on December 22, 2008. The first of these cases were filed in January 2009, and the latest-filed of the cases were filed in April 2010. Throughout this litigation, the Court, counsel for the Plaintiffs, and the Tennessee Valley Authority ("TVA") have worked diligently to coordinate hearings, filings, and discovery in these cases. Counsel have done an excellent job of bringing new cases up to speed on discovery as they are filed. Nonetheless, as these cases move toward trial, issues and conflicts in coordinating depositions and other discovery matters have arisen.

TVA has now filed a Motion for an Order Coordinating Deposition Discovery of TVA Employees.[1] In its motion, TVA explains that many of its employees were deposed in 2009 as part of discovery in the seven cases pending at that time. TVA moves the Court to prevent multiple cumulative depositions, and the resulting waste of resources by ordering certain measures be taken. TVA seeks an order:

> (1) coordinating all further deposition discovery of TVA employees in these cases,
>
> (2) designating the lowest-numbered case as the lead case for the filing of all documents related to deposition discovery of TVA employees,
>
> (3) providing that all future depositions of TVA employees shall be deemed to have been taken by all Plaintiffs in all cases, and
>
> (4) requiring the Plaintiffs to jointly designate a Plaintiffs' Coordination Counsel for coordination of deposition discovery of TVA employees.

Mot. at 2.

---

[1] E.g., Doc. 84 in Case No. 3:09-CV-06

The Plaintiffs have filed various responses to TVA's motion, which do not oppose TVA's proposal in principle, but many of the responses suggest different coordination schemes.[2]

After reviewing the pertinent filings, the Court finds that many of TVA's and the Plaintiffs' requests for coordination would have the Court go beyond its role of resolving real conflicts in discovery, to instead micro manage discovery in this matter. Notwithstanding, the Court agrees that a degree of coordination in these matters is necessary to save the Court and the parties' resources and is appropriate given the common locus of facts in these cases.

Thus, the Court finds that the Motion for an Order Coordinating Discovery is well-taken, in part, and it is **GRANTED IN PART** and **DENIED IN PART**. The Court **ORDERS** that:

(1) The Plaintiffs shall coordinate all further deposition discovery of TVA employees in the cases captioned above.

(2) The Plaintiffs shall form a Plaintiffs' Coordination Committee for coordination of deposition discovery. In formulating this committee, counsel for the Plaintiffs should consider which counsel have fulfilled this role thus far, but they should also include at least one attorney from the later-filed, individual cases.

(3) In addition, the Plaintiffs shall designate the lowest-numbered cases of any given class of cases as the lead case for filing of all documents related to **common discovery issues**. The cases may be designated based upon cases having common counsel, cases being similarly situated, or any other logical grounds for coordination. Designation of these cases will not preclude filings being made for unique discovery issues in the individual cases in the future.

---

[2]See Doc. 87 in Case No. 3:09-CV-06 (agreeing that TVA's requests are reasonable with reservations, including reservation that restrictions should not limit ability to "meaningfully" depose persons); Doc. 175 in Case No. 3:09-CV-09 (consolidated cases) (agreeing in principle but suggesting slightly different and more detailed coordination); Doc. 130 in Case No. 3:09-CV-48 (also filed in 3:09-CV-54 and 3:09-CV-64) (agreeing in principle but suggesting slightly different and more detailed coordination); and Doc. 30 in 3:09-CV-491, and other cases with Plaintiffs represented by Attorney James Scott, (responding to issue of consolidation, but not opposing consolidation on issues of liability). No response has been made in the cases with Plaintiffs represented by Attorneys James Agee, Jerrold Becker, Andrew Tucker, and Rebecca Vernetti.

(4) The Plaintiffs shall file a list of the members of the Plaintiffs' Coordination Committee and a list of the Designated Discovery Cases on or before **August 6, 2010**.

In light of the above direction, all depositions taken after August 6, 2010, will be deemed to have been taken by all the Plaintiffs in all of the cases captioned above.

**IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge