# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# KNOXVILLE DIVISION

| | | | |
|---|---|---|---|
| IN RE: | ) | 3:09-CV-06 | 3:09-CV-09 |
| | ) | 3:09-CV-14 | 3:09-CV-48 |
| | ) | 3:09-CV-54 | 3:09-CV-64 |
| | ) | 3:09-CV-114 | 3:09-CV-491 |
| | ) | 3:09-CV-495 | 3:09-CV-496 |
| | ) | 3:09-CV-497 | 3:09-CV-504 |
| TENNESSEE VALLEY AUTHORITY | ) | 3:09-CV-511 | 3:09-CV-517 |
| ASH SPILL CASES | ) | 3:09-CV-528 | 3:09-CV-529 |
| | ) | 3:09-CV-534 | 3:09-CV-550 |
| | ) | 3:09-CV-551 | 3:09-CV-552 |
| | ) | 3:09-CV-553 | 3:09-CV-554 |
| | ) | 3:09-CV-555 | 3:09-CV-563 |
| | ) | 3:09-CV-564 | 3:09-CV-565 |
| | ) | 3:09-CV-566 | 3:09-CV-568 |
| | ) | 3:09-CV-569 | 3:09-CV-570 |
| | ) | 3:09-CV-571 | 3:09-CV-572 |
| | ) | 3:09-CV-576 | 3:09-CV-577 |
| | ) | 3:09-CV-578 | 3:09-CV-579 |
| | ) | 3:09-CV-580 | 3:09-CV-581 |
| | ) | 3:09-CV-582 | 3:09-CV-583 |
| | ) | 3:09-CV-584 | 3:09-CV-589 |
| | ) | 3:09-CV-590 | 3:09-CV-591 |
| | ) | 3:09-CV-592 | 3:09-CV-593 |
| | ) | 3:09-CV-594 | 3:09-CV-595 |
| | ) | 3:09-CV-596 | 3:09-CV-597 |
| | ) | 3:09-CV-598 | 3:09-CV-602 |
| | ) | 3:09-CV-603 | 3:09-CV-604 |
| | ) | 3:09-CV-605 | 3:10-CV-189 |
| | ) | 3:10-CV-190 | 3:10-CV-191 |
| | ) | | |
| | ) | (VARLAN/GUYTON) | |

## PLAINTIFFS' AGREED COORDINATION COMMITTEE FOR COORDINATION OF DEPOSITION DISCOVERY

Per the Court's Order of July 14, 2010, Plaintiffs' counsel in the above-captioned cases have conferred and formed a Plaintiffs' Coordination Committee for coordination of deposition discovery of fact witnesses to be produced by defendants, TVA, Geosyntec Consulting, Inc. and WorleyParsons Corp. (hereinafter "defendant depositions"). Among other things, this

Committee is meant to address the coordination and conduct of defendant depositions and related motion practice.

In furtherance of these objectives and the Court's Order, counsel for the various Plaintiffs have agreed that membership on the Committee shall consist of one attorney from each of the initial filed cases at 3:09-CV-06, 3:09-CV-09, 3:09-CV-14, 3:09-CV-48, 3:09-CV-54 and 3:09-CV-114, plus one attorney on behalf of the remaining filed cases. Each attorney on the Committee will have one vote on the Committee, which shall conduct itself under simple majority rule. The Committee shall be comprised of:

1) Elizabeth Alexander, Esq. or a designee of her office (counsel in *Giltnane*);

2) Gordon Ball, Esq. or a designee of his office (counsel in *Mays*);

3) Paul D. Brandes, Esq. or a designee of his office (counsel in *Long*);

4) David Byrne, Esq. or a designee of his office (counsel in *Blanchard*);

5) Jeff Friedman, Esq. or a designee of his office (counsel in *Scofield/Raymond*);

6) Robin Greenwald, Esq. or a designee of her office (counsel in *Auchard*); and

7) John Agee, Esq. or a designee of his office (counsel for the majority of the later filed individual cases)

The Committee shall be responsible for:

1) Determining defense fact witnesses to be deposed, scheduling those depositions based on the availability of the defense attorney producing the witness and the members of the Committee; designating counsel to lead the questioning in the depositions; and determining and presenting to the Court and opposing parties (in briefs, oral argument or other such fashion as may be appropriate) the position of the Plaintiffs on all defense deposition matters.

2) Creating and administering a common fund bank account into which each law firm on behalf of the various Plaintiffs in the above-captioned cases shall pay a sum set by the Committee for purposes of paying invoiced costs and fees of court reporters and videographers associated with defense depositions and/or the videotaping thereof.

3) Delegating specific tasks to and monitoring the activities of the various Plaintiffs' counsel concerning the conduct of defense depositions and any related motion practice.

4) Entering into expressly authorized agreements or stipulations with the defense attorneys, either collectively or separately as appropriate, where necessary for the conduct of defense depositions and/or court proceedings relating thereto.

Finally, it is noted that *Chesney, et al. v. TVA, et al.*, 3:09-cv-09, is the only case of the various filed actions to include defendants, WorleyParsons and Geosyntec Consulting. Thus, per paragraph (3) of the Court's Order, for purposes of filing documents with the Court relating to common discovery issues, all such documents shall be electronically filed with the Court in *Chesney, et al. v. TVA, et al.*, 3:09-cv-09.

IT IS SO ORDERED.

Bruce Guyton

---
JUDGE