UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| IN RE: | ) | 3:09-CV-006 | 3:09-CV-555 | 3:09-CV-584 |
|---|---|---|---|---|
|  | ) | 3:09-CV-009 | 3:09-CV-563 | 3:09-CV-589 |
|  | ) | 3:09-CV-014 | 3:09-CV-564 | 3:09-CV-590 |
| TENNESSEE VALLEY AUTHORITY | ) | 3:09-CV-048 | 3:09-CV-565 | 3:09-CV-591 |
| ASH SPILL LITIGATION | ) | 3:09-CV-054 | 3:09-CV-566 | 3:09-CV-592 |
|  | ) | 3:09-CV-064 | 3:09-CV-568 | 3:09-CV-593 |
|  | ) | 3:09-CV-114 | 3:09-CV-569 | 3:09-CV-594 |
|  | ) | 3:09-CV-491 | 3:09-CV-570 | 3:09-CV-595 |
|  | ) | 3:09-CV-495 | 3:09-CV-571 | 3:09-CV-596 |
|  | ) | 3:09-CV-496 | 3:09-CV-572 | 3:09-CV-597 |
|  | ) | 3:09-CV-497 | 3:09-CV-576 | 3:09-CV-602 |
|  | ) | 3:09-CV-504 | 3:09-CV-577 | 3:09-CV-603 |
|  | ) | 3:09-CV-517 | 3:09-CV-578 | 3:09-CV-604 |
|  | ) | 3:09-CV-529 | 3:09-CV-579 | 3:09-CV-605 |
|  | ) | 3:09-CV-550 | 3:09-CV-580 | 3:10-CV-189 |
|  | ) | 3:09-CV-551 | 3:09-CV-581 | 3:10-CV-190 |
|  | ) | 3:09-CV-553 | 3:09-CV-582 | 3:10-CV-191 |
|  | ) | 3:09-CV-554 | 3:09-CV-583 |  |
|  | ) |  | (VARLAN/GUYTON) |  |

## **MEMORANDUM AND ORDER**

This civil action is before the Court on Plaintiffs' Motion for a Bifurcated Trial Plan for the September 2011 Trial (the "September motion") [*Chesney, et al. v. TVA*, Case No. 3:09-CV-09 ("*Chesney*"), Doc. 350], to which defendant Tennessee Valley Authority ("TVA") has filed a response [*Chesney*, Doc. 379], and plaintiffs have filed a reply [*Chesney*, Doc. 384]. Also before the Court is TVA's Motion for a Bifurcated Trial Plan for the November 2011 Trials (the "November motion") [*Armes, et al. v. TVA*, Case No. 3:09-CV-491 ("*Armes*"), Doc. 63], to which plaintiffs have filed responses [*Armes*, Doc. 69; *Turner, et al. v. TVA*, Case No. 3:09-CV-495 ("*Turner*"), Doc. 91]. The Court heard and considered

the parties' positions regarding the issue addressed in these two motions during two status conferences and took the motions under advisement. For the following reasons, the motions will be **GRANTED** to the extent stated herein.

I.   Background

The above-captioned cases are part of the 54 actions currently comprising the TVA ash spill litigation that arose out of the December 22, 2008 failure of a coal and fly ash containment dike near Kingston, Tennessee. Five of the earliest-filed cases (with one, *Chesney*, being a consolidation of three cases) are set for trial in September 2011.[1] Except for one recently filed case, *Rogers, et al. v. TVA*, Case No. 3:11-CV-217 (filed May 13, 2011), the remaining cases are set for trial in November 2011.

In the September motion, plaintiffs in four of the cases set for September have requested a bifurcated trial plan. The plaintiff in *Mays v. TVA*, Case No. 3:09-CV-06 ("*Mays*"), the earliest-filed case and the fifth case scheduled for the September trial setting, did not join in the September motion. The September motion proposes two trial phases, the first phase considering issues of liability and general causation and the second phase, immediately following the first, considering issues of specific causation and damages.

In TVA's response to the September motion, TVA does not oppose the adoption of a bifurcated trial plan, but has several disagreements regarding the specifics of the trial plan

---

[1] Initially, the cases set for trial in September 2011 were *Mays v. TVA*, Case No. 3:09-CV-06; *Chesney, et al. v. TVA*, Case No. 3:09-CV-09 (a consolidation of three cases); *Auchard, et al. v. TVA*, Case No. 3:09-CV-54; *Raymond, et al. v. TVA*, Case No. 3:09-CV-48; and *Scofield, et al. v. TVA*, Case No. 3:09-CV-64.

proposed by plaintiffs. TVA proposes bifurcating the trial into two phases, the first phase considering issues of duty, breach, and dike failure causation. The second phase, dependent on the outcome of the first phase and conducted through individualized, evidentiary hearings, considering the remaining issues of tract-specific causation, injury, and damages. TVA also proposes that the dike-failure causation issues resolved in the first phase shall, pursuant to Federal Rule of Civil Procedure 42, bind the parties in all 53 cases set for trial.

As noted above, the Court heard and considered the parties' positions regarding the issue addressed in the September motion at a status conference for the September cases, held on June 21, 2011. At this conference, the parties were largely in agreement on the necessity of conducting a consolidated and bifurcated trial, but differed slightly in regard to the specific issues that would be addressed during the separate phases of the bifurcated trial. During the conference, attorney Jeff Friedman, counsel for plaintiffs in two of the cases set for trial in September and one of the cases set for trial in November, *Campbell, et al. v. TVA*, Case No. 3:09-CV-517, indicated to the Court that if the cases set for September were consolidated and bifurcated, the *Campbell* plaintiffs would like to be included in the first phase of the bifurcated September trial setting. Counsel for the other plaintiffs in the September cases did not oppose the *Campbell* plaintiffs' request, but objected to including

in the September trial any other cases set for trial in November.² At the end of the hearing, the Court took the September motion under advisement.

Following the status conference, plaintiffs filed a reply to their September motion, stating that plaintiffs "do not oppose" TVA's trial plan and agreeing that the September cases should be consolidated and the trial bifurcated into two phases. Plaintiffs also agreed that the first phase of the trial should address the limited questions of whether TVA is liable for the dike failure. In addition, plaintiffs agreed that, following the first phase and the Court's determination of duty, breach, and causation, the issues to be resolved in the second phase of the bifurcated trial could be resolved through individualized, evidentiary hearings involving issues of tract-specific causation, injury, and damages specific to each individual plaintiff.

In the November motion, which TVA filed in the 46 cases set for trial in November, TVA requests that the Court establish a bifurcated trial plan consistent with any bifurcated trial plan established by the Court for the September trials. Counsel for plaintiffs in two of the cases set for trial in November filed responses stating that they have no opposition to TVA's November motion to the extent it proposes consolidation under Rule 42, joining issues of liability, and bifurcation into two trial phases. Plaintiffs also averred that they would have no objection to any other orders the Court desires to enter in the interests of

---

²Counsel for the plaintiff in *Mays* was not present at the status conference, despite the date and time of the conference being set in the scheduling order entered in that case [*Mays*, Doc. 97, ¶ 7]. Counsel for the plaintiff in *Mays* also did not attend the status conference set for the November cases.

4

judicial economy. The Court held a status conference for the November cases on July 19, 2011, during which counsel for plaintiffs confirmed their lack of opposition to a bifurcated trial plan. Counsel for plaintiffs in the November cases were all present at the status conference. At the end of the hearing, the Court took the November motion under advisement.

**II.     Analysis**

As both plaintiffs and TVA point out, the cases making up this ash spill litigation involve questions common to each case, including whether there was a legal duty owed, whether that duty was breached, and whether actionable nondiscretionary conduct on the part of TVA caused the dike failure and the resulting spill of coal ash. *See Mays v. TVA*, —F.R.D. —, 2011 WL 1790268, at *13 (E.D. Tenn. May 10, 2011) (noting that there are "common issues of causation" in the TVA ash spill litigation such as "what nondiscretionary conduct by TVA, if any, caused the dike failure and ash spill"). However, the cases in this litigation also involve individualized issues and evidence specific to each case, including whether coal or fly ash is or was present on each specific tract of property, whether the presence of the ash on specific property can be traced to TVA's nondiscretionary conduct, and whether the presence of ash on specific property or in the area around certain property constitutes a trespass, property damage, or a nuisance as to each plaintiff. *Id.* (noting the individual issues at issue in the TVA coal ash spill litigation).

Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or

5

all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a).  Furthermore, as plaintiffs point out, the U.S. Court of Appeals for the Sixth Circuit has observed that a trial plan including bifurcated proceedings may be used by courts as a case management tool. *See Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 562 (6th Cir. 2008) (observing that there are a "number of management tools available to a district court to address any individualized damages issues," such as "bifurcating liability and damage trials, or appointing a magistrate judge or special master to preside over individual damages proceedings") (quoting *In re Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d 124, 141 (2d Cir. 2001)).

The Court has carefully considered the issues pointed out in the parties' briefs, along with the positions of the parties as articulated at the status conferences. Accordingly, in light of the parties' agreement on the core issues relevant to consolidation and bifurcation and the presence of both common and specific issues and evidence in this litigation, the Court will **GRANT** the September motion [*Chesney*, Doc. 350] in the following manner.

The cases set for September 2011 shall be consolidated and tried together in a bifurcated trial with two phases, Phase I and Phase II.

> **Phase I:** This phase shall involve issues and evidence relating to duty, breach, and dike-failure causation. In other words, whether actionable nondiscretionary conduct by TVA caused the dike failure of December 22, 2008, and the accompanying release of coal ash. Pursuant to Rule 42(a), the issues determined by the Court in this phase shall be binding on all parties in the cases set for trial in September 2011.
>
> **Phase II:** This phase shall include individualized evidentiary hearings or proceedings and the issues to be resolved include tract-specific

causation and whether and to what extent each plaintiff is entitled to damages. The issues determined in these Phase II hearings or proceedings shall not be binding on all parties in the cases set for trial in September 2011.

Additionally, and in light of the parties' agreement, the *Campbell* plaintiffs shall be included in the September trial bifurcated trial plan. Thus, the cases set for a consolidated and bifurcated trial in September 2011 now include *Mays*, *Chesney*, *Auchard*, *Raymond*, *Scofield*, and *Campbell*. Plaintiffs' request that Phase II immediately follow Phase I is not well-taken because the bifurcated trial plan outlined above must allow a period of time for the Court to determine and issue a ruling on the issues presented in Phase I prior to the beginning of any Phase II hearings or proceedings. Furthermore, TVA's request to bind all 53 cases to the issues determined in Phase I is not well-taken because the cases set for trial in November were set for that trial date early in this litigation and counsel for the parties in the November cases would be prejudiced in terms of preparing for a trial in September, more than a month prior to the trial date set in the scheduling orders.

The Court will **GRANT** the November motion [*Armes*, Doc. 63], to the extent that the cases set for trial in November, except for *Campbell*, which is now set for trial in September, shall follow a bifurcated trial plan consistent with the trial plan discussed above for the cases set for trial in September. In addition, the Court notes that certain evidence presented in Phase I of the September trial may be relevant to Phase I of the November trial. In light of this, the Court will reserve consideration and ruling as to any issues regarding the extent evidence or testimony from Phase I of the September trial may be used or incorporated in

7

Phase I of the November trial. The Court will set a status conference following Phase I of the September trial to discuss this issue with counsel.

## III. Conclusion

In sum, Plaintiffs' Motion for Bifurcated Trial Plan for the September 2011 Trial (the "September motion") [*Chesney*, Doc. 350] and TVA's Motion for Bifurcated Trial Plan for the November 2011 Trials (the "November motion") [*Armes*, Doc. 63], are hereby **GRANTED to the extent** stated above. In addition, the parties to the September trial are **DIRECTED** to submit a proposed joint pretrial order in accordance with the scheduling orders entered in the September cases [*Chesney*, Doc. 187, ¶ 8]. This pretrial order shall list the issues to be addressed in Phase I of the bifurcated trial in accordance with the orders and opinions entered in this litigation. This pretrial order shall also list, to the extent possible, the issues to be addressed in Phase II of the bifurcated trial, the Court noting that such issues may need to be refined or modified following Phase I. The parties shall make all efforts to agree on the issues to be addressed in the bifurcated trial and shall endeavor to file a joint pretrial order. Finally, the parties to the November trial are **DIRECTED** to submit a proposed joint pretrial order in the same manner and addressing the same issues outlines above, and in accordance with the scheduling orders entered in the November cases [*Armes*, Doc. 42].

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE